Filed 9/14/20  Ostrosky v. Permann CA1/1
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| EILEEN OSTROSKY,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>VERLA D. PERMANN, as Trustee, etc., et al.,<br><br>        Defendants;<br><br>LOUISE K. MORRIS,<br><br>        Defendant and Respondent. | A158057<br><br>(Contra Costa County<br>Super. Ct. No. P14-00302) |

Following remand from this court in *Schwan v. Permann* (2018) 28 Cal.App.5th 678 (*Schwan*), the probate court determined plaintiff Eileen Ostrosky did not qualify for a trust distribution because she failed to satisfy an employment condition.  Ostrosky appeals from that decision, arguing her later employment for a model train business met the required condition.  We disagree and affirm.

## I.  BACKGROUND

As described in more detail in *Schwan*, Walter C. Permann (Permann) created The Walter C. Permann Separate Property Trust (Trust), which entitled Donna Schwan, Alexis Johnson, and Ostrosky to certain distributions if each was employed by Control Master Products, Inc. (Control

Master Products), a wire and cable distribution business, at the death of Permann and his wife, Verla D. Permann. (*Schwan*, *supra*, 28 Cal.App.5th at pp. 681–682.) If this condition was not met, the Trust provided those distributions " 'shall lapse.' " (*Id.* at p. 682.) "Following a bench trial, the probate court excused Schwan's and Johnson's noncompliance with the employment condition because the assets of the company were sold in 2008, rendering satisfaction of the condition impossible." (*Id.* at pp. 681–682.) However, the probate court did not excuse Ostrosky's noncompliance. (*Id.* at p. 682.) "[T]he probate court concluded 'her compliance [with the condition] was not rendered impossible by the sale of the company, but by her retirement. While she was suffering from myriad health problems, she did not show that it was impossible for her to continue to work.' The court held Ostrosky failed to meet the condition of the gift and her performance was not excused." (*Id.* at p. 695.)

On appeal, this court affirmed the probate court's holding as to the doctrine of impossibility. (*Schwan*, *supra*, 28 Cal.App.5th at p. 695.) We concluded "the probate court properly considered whether the doctrine of impossibility of performance applied," and substantial evidence supported the probate court's application of the doctrine of impossibility as to Schwan and Johnson. (*Ibid.*) As to Ostrosky, we held "substantial evidence supports the probate court's conclusion that Ostrosky's noncompliance was caused by her own conduct, i.e., her decision to retire." (*Ibid.*)

However, Ostrosky raised a second issue on appeal. She also argued she met the employment condition in the Trust because she occasionally worked for Permann's subsequent business, Custom Model Products, Inc. (Custom Model Products), which sold model trains. (*Schwan*, *supra*, 28 Cal.App.5th at p. 696.) We noted for Ostrosky's claim to succeed, she must

2

demonstrate such work "gave rise to an employee-employer relationship and that relationship existed at the time of [Permann's] death" and "satisfies the Trust's condition requiring her to be employed by 'Control Master Products, Inc.' " (*Ibid*.)  Because the statement of decision was silent on these issues, we remanded to the probate court "to decide in the first instance." (*Ibid*.)

On remand, Ostrosky filed a motion with the probate court asserting her employment by Custom Model Products satisfied the Trust's employment condition.  She argued her availability and sporadic work for Custom Model Products fell within the employment condition, and Permann would have intended such employment to satisfy the Trust's employment condition.

A trust beneficiary, Louise Morris, opposed the motion.  She argued Ostrosky's work for Custom Model Products did not give rise to an employer-employee relationship because it was "odd job work" for a few days over three years assisting "a dear friend at his hobby shop."  She also asserted Custom Model Products was distinct from Control Master Products, based on the different names, different employees, and vastly different businesses operated by each company.

The probate court rejected Ostrosky's position.  The court noted it "is inclined not to view the phrase 'Control Master Products, Inc' as ambiguous" because when Permann executed his Trust "there was only one corporation involved, it had this name, and it was a wire and cable business."  The probate court further stated even if the phrase was ambiguous, extrinsic evidence demonstrates the phrase "Control Master Products, Inc." referenced only the wire and cable business owned by Permann.  The court noted the name change accompanied Permann's sale of the wire and cable business, the purpose of the condition was to contribute to the financial success of the wire

3

and cable business, and Permann and his spouse had no financial stake in the wire and cable business after its sale.

The court amended its prior statement of decision to incorporate its additional analysis, and final judgment was entered. Ostrosky timely appealed.[1]

## II. DISCUSSION

Ostrosky argues the probate court erred in failing to consider Permann's intent after he sold Control Master Products. She also asserts her work at Custom Model Products satisfied the employment condition " 'so far as was possible.' " We disagree.

### A. Doctrine of Impossibility

Ostrosky contends the probate court "applied the wrong test" because it did not consider the doctrine of impossibility as an exception to the general rule enforcing conditions precedent. Ostrosky argues the probate court was required to determine Permann's subjective intent after he sold Control Master Products, and whether he intended Ostrosky's work for Custom Model Products to satisfy the Trust's employment condition. As to this issue, Ostrosky argues Permann did not intend to impose the employment condition after the sale of his company, he continued to state after the sale that Ostrosky was "taken care of" in his Trust, and his re-employment of Ostrosky evidenced his desire for her to be " 'covered' " by the Trust. She notes employment with Custom Model Products was the only employment available following the sale of Control Master Products.

---

[1] On February 26, 2020, Morris filed a motion to dismiss this appeal on the grounds it was untimely. However, by separate order dated June 23, 2020, this court denied that motion and concluded Ostrosky's appeal was timely.

4

As an initial matter, we disagree with Ostrosky's assertion that the probate court was required to make findings on remand regarding impossibility. The issue on remand was limited to whether she satisfied the employment provision of the Trust by working for Custom Model Products. (*Schwan*, *supra*, 28 Cal.App.5th at p. 696.) Accordingly, application of the doctrine of impossibility was not at issue on remand.

Regardless, Ostrosky's argument fails for the same reason it was previously rejected. In *Schwan*, this court addressed the question of impossibility and concluded "the 'modern rule' recognized impossibility as an exception to the general rule enforcing conditions precedent." (*Schwan*, *supra*, 28 Cal.App.5th at p. 691.) This court then identified various factors courts have considered in assessing a testator's intent when imposing the gift, including "whether (1) the will showed the testator anticipated the impossibility and nonetheless made the gift contingent on the performance of the condition; (2) the testator provided for a gift over to other beneficiaries in the event of a failure to perform the condition; (3) performance of the condition was the testator's controlling motive in making the bequest; (4) the testator knew of the impossibility of performing the condition prior to his or her death; (5) the testator, the donee, or a third person caused the impossibility and whether (a) that person's act was volitional or nonvolitional, or (b) that person was the intended beneficiary of the performance of the condition; (6) the testator or the intended beneficiary of the performance of the condition waived its performance; (7) there was substantial compliance with the terms of the condition; and (8) the testator's purpose in making the gift would more likely be fulfilled by requiring or by not requiring literal compliance with the condition." (*Id.* at pp. 692–693.) In applying this analysis to Ostrosky, we noted the probate court "found

5

Ostrosky could work despite her health problems" and " 'her compliance [with the condition] was not rendered impossible by the sale of the company, but by her retirement.' " (*Id.* at p. 695.) We found substantial evidence supported the probate court's holding. (*Ibid.*)

Ostrosky now reargues impossibility, asserting the doctrine should apply because she could not return to work at Control Master Products after her retirement because Permann sold the company. We disagree. As we affirmed in our prior opinion, substantial evidence supported the probate court's holding that Ostrosky failed to meet the employment condition in the Trust because she retired prior to the company's sale, not because of impossibility.[2] The subsequent sale and Ostrosky's new argument that she could not return to Control Master Products does not alter that analysis. Nothing in the record indicates Ostrosky ever sought to be re-employed at Control Master Products. Nor does the record reflect Ostrosky's work at Custom Model Products was offered by Permann because she could not return to her prior position at Control Master Products. To the contrary, Ostrosky acknowledges she agreed to work on Permann's model train business while Control Master Products still existed, and the scope of that work—i.e., approximately 30 hours over a few years that was "off the books"—did not change after Permann sold Control Master Products. Accordingly, nothing in the record indicates Ostrosky's work for Custom Model Products was intended to be a substitute for employment with Control Master Products.

---

[2] Statements by Permann that Ostrosky was "taken care of" or "in" the Trust were considered by the probate court and found insufficient to support application of the doctrine of impossibility. We affirmed that holding. (See *Schwann*, *supra*, 28 Cal.App.5th at p. 695.)

## B. The Employment Condition

The Trust provided Ostrosky would receive a percentage of the Trust if she was "employed by Control Master Products, Inc. at the death of Trustor and his spouse and if not, this gift shall lapse and augment the share of the remaining beneficiaries under this paragraph." In *Schwan*, we noted the probate court's statement of decision was silent as to whether Ostrosky's work for Custom Model Products satisfied the Trust's employment condition. (*Schwan, supra*, 28 Cal.App.5th at p. 696.) On remand, the probate court found the phrase "Control Master Products" to be unambiguous and only refer to Permann's wire and cable business. It thus concluded Ostrosky's work for Custom Model Products did not satisfy the employment condition. We agree.

" '[T]he primary rule in construction of trusts is that the court must, if possible, ascertain and effectuate the intention of the trustor or settlor.' [Citation.] 'The intention of the transferor as expressed in the [trust] instrument controls the legal effect of the dispositions made in the instrument.' (Prob. Code, §§ 21101, 21102.)" (*Crook v. Contreras* (2002) 95 Cal.App.4th 1194, 1206.) "An ambiguity in a written instrument exists when, in light of the circumstances surrounding the execution of the instrument, ' "the written language is fairly susceptible of two or more constructions." ' " (*Ike v. Doolittle* (1998) 61 Cal.App.4th 51, 74.) Whether an instrument is ambiguous presents a question of law, and an appellate court independently reviews the instrument to determine whether ambiguity exists. (See *Colonial Ins. Co. v. Montoya* (1986) 184 Cal.App.3d 74, 82.)

As noted by the probate court, at the time the Trust was drafted Custom Model Products did not exist. The only company owned by Permann was Control Master Products, which operated a wire and cable business. The

Trust does not state Ostrosky must be working for Permann, but rather specifies employment with Control Master Products. In light of these facts, the phrase "Control Master Products" is not " ' "fairly susceptible of two or more constructions." ' " (*Ike v. Doolittle*, *supra*, 61 Cal.App.4th at p. 74.) Alternative employment for Permann thus cannot satisfy the condition.

However, even if we were to consider the phrase "Control Master Products" ambiguous, we affirm the probate court's interpretation. Ostrosky argues she satisfies the employment condition because (1) she was re-employed with the same corporate entity, albeit under a new name and business model, (2) she remained " 'on call' " for Custom Model Products until Permann's death, and (3) her work for Custom Model Products was controlled by Permann. In rejecting these arguments, the probate court made certain factual findings, including: (1) "[t]he purpose of the [employment] condition . . . was to reward Ostrosky for continuing to contribute to the financial success of the *wire and cable business* as long as it benefited [Permann and his wife]"; (2) the financial success of the wire and cable business was "unrelated to any work for the model train business"; and (3) the corporate name change accompanied the sale of the wire and cable business, which "marked the end" of Permann and his wife's financial stake in that business. The probate court thus concluded employment with Custom Model Products could not satisfy the Trust's employment condition.

In considering whether these factual findings by the probate court support its conclusion regarding the employment condition, we are bound by the substantial evidence standard of review. " '[W]e must consider all of the evidence in the light most favorable to the prevailing party, giving it the benefit of every reasonable inference, and resolving conflicts in support of the [findings]. [Citations.] [¶] It is not our task to weigh conflicts and disputes in

8

the evidence; that is the province of the trier of fact.  Our authority begins and ends with a determination as to whether, on the entire record, there is *any* substantial evidence, contradicted or uncontradicted, in support of the judgment.' " (*ASP Properties Group, L.P. v. Fard, Inc.* (2005) 133 Cal.App.4th 1257, 1266.)  The probate court's findings regarding the purpose of the employment condition, the impact of the sale, and the timing of Permann's creation of the model train business, support its conclusion that employment with Custom Model Products could not satisfy the Trust's employment condition.  While, as previously noted in *Schwann*, the record contains contradictory evidence, " 'this court is without power to substitute its own inferences or deductions for those of the trier of fact.' " (*ASP Properties Group*, at p. 1266; *Schwann*, *supra*, 28 Cal.App.5th at p. 696.)

### III.  DISPOSITION

The judgment is affirmed.  Respondent Louise Morris may recover her costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)

9

MARGULIES, ACTING P. J.

WE CONCUR:

BANKE, J.

SANCHEZ, J.

A158057
*Ostrosky v. Permann; Morris*